**MD Mahbub HOSSAIN, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 06–71142.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Haresh Jambusaria, Los Angeles, CA, for Petitioner.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Michele Y.F. Sarko, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jeremy Schwartz, DOJ—U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

MD Mahbub Hossain, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing due process claims de novo, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and the BIA's factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

In his opening brief, Hossain fails to address, and therefore waives any challenge to the BIA's determination that he is ineligible for asylum, withholding of removal and CAT protection. *See Mar-*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*tinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Hossain's argument that his right to due process was violated fails, because the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**